AO
FILED 16
NOV 22 1994
WILLIAM B. GUTHRIE
Clerk, U. S. District Court
By ______
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

NATHANIEL ISCHOMER, PLAINTIFF,

VS.

DONNA E. SHALALA, Secretary of Health and Human Services DEFENDANT.

CASE NO. CIV-94-076-B

FINDINGS AND RECOMMENDATIONS

SCOPE OF COURT REVIEW - Court review is limited to consideration of the pleadings and transcript filed by the Secretary as required by 42 USC 405(g). The Court is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. Weakley v. Heckler, 795 F2d 64 (10th Cir. 1986); Cage v. Califano, 638 F.2d 219 (10th Cir. 1981); Tillery v. Schweiker, 712 F.2d 601 (10th Cir. 1983). Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court, in this review, has the power to affirm, modify or reverse the Secretary's decision with or without remand for a rehearing.

NATURE OF APPEAL - Court review of denial of claim for supplemental security income (See Sections 1614(a)(3)(A) of Act).

CHRONOLOGY OF CASE - The chronological history of the claim of Nathaniel Ischomer (SSN 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) is as follows:

1. 3-24-92 Plaintiff's initial Application for SSI (Tr. 55-58)
2. 6-29-92 Administrative Denial of Plaintiff's Claim (Tr. 59-61)
3. 11-16-92 Denial of Reconsideration (Tr. 65-69)
4. 8-23-93 Unfavorable Decision by Administrative Law Judge (Tr. 7-16)
5. 12-2-92 Appeals Council denial of request for review (Tr. 4-5).

DISCUSSION AND ANALYSIS - Plaintiff, Nathaniel Ischomer, (SSN 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) filed his claim on 3-24-92 stating he had to stop working on 3-1-92, his date of birth being 3-26-50, and had a 10th grade education (TR. 55-58). Plaintiff's work history revealed that of driving cattle, washing clothes, orderly, stacking lumber, working for a forestry contractor and that some of the jobs entailed lifting from 10 to 100 pounds (TR. 70-75). The medical evidence in this matter consists of records from the Indian Clinic at Broken Bow and the Indian Hospital at Talihina (Tr. 104-129; 149-186; 191-194; 206-215). These records are mainly chart notes reflecting that for a period of time commencing 6-21-84 through 1-19-93, Plaintiff was periodically treated at these facilities with his medical problems being diagnosed as follows:

1. Chronic alcoholism
2. Tuberculosis
3. Gouty Arthritis
4. Pleurisy.

There are two consultative exams and reports in the record. The first, under date of 6-15-92 is by C.T. Marrow, M.D. Dr. Marrow diagnosed Plaintiff as being suffering from pulmonary tuberculosis which was under therapy, together with pleuritis of the left lower lung field and Plaintiff also suffered from posttraumatic arthritis and post gouty arthritis of the left ankle, foot, shoulder and knee (Tr. 134). In his conclusion, Dr. Marrow opined,

> "The patient is cooperative, alert and desirous of working, but unable at this time due to limitations from his pleuritic discomfort and the residuals from his gouty arthritis and posttraumatic arthritis of his left ankle, foot, and knee and lesser of his left hip and shoulder."

The other consultative exam occurred on 5-13-93 with the report being rendered by Dr. Sam F. Brown (Tr. 196-204) which indicated in his impressions that Plaintiff suffered from gout and shortness of breath, etiology undetermined, no active lung disease. However, in his assessment of Plaintiff's ability to do work related activities, Dr. Brown opined that when Plaintiff's gout acted up he would be unable to perform most work related activities for a few days whenever he has an acute attack of gout (Tr. 202).

The Vocational Expert (VE) testified that given the

Plaintiff's profile including that of respiratory problems and limited to light jobs, Plaintiff could still do bench assembly type work and work as a bottling line attendant, but that the light work of being a watchman, guard or handbill passer would not be within the purview of the Plaintiff due to his respiratory problems (Tr. 52-53).

The Court in this case is particularly concerned regarding the medical chart records being replete with the fact that Plaintiff is a "chronic alcoholic". The Administrative Law Judge in his decision (Tr. 10-16) is correct in his assessment that the mere fact of being a chronic alcoholic is not the basis for being disabled by that diagnosis alone (See Social Security Ruling 82-60). However, this Plaintiff, as shown by the evidence, as manifested hereinabove has other impairments which in combination with the alcoholism could very well result in Plaintiff being disabled (McShea v. Schweiker, 700 F.2d 117, 119 (3rd Cir. 1983). The Court takes note that the Vocational Expert testified, based upon several hypotheses, which the Court feels did not apply to this Plaintiff. The fact is, the record is clear that Plaintiff does have gouty arthritis which will prevent him from working up to two to three days at a time when he has an attack. The record is further clear that Plaintiff does have some respiratory problems and has

weight lifting restrictions, and has been diagnosed as a chronic alcoholic. The question would then become of the Vocational Expert, are there jobs available in the region in a sufficient number and that Plaintiff can perform at least a substantial majority of the jobs (Talbot v. Heckler, 814 F.2d 1456, 1462 (10th Cir. 1987). The Court feels that this area of what the Plaintiff can do and what jobs are available, taking into account his condition, should be further analyzed.

CONCLUSION - Therefore, the Magistrate Judge finds that this matter should be remanded for further hearing before the Administrative Law Judge for the specific purpose of taking into account Plaintiff's alleged "chronic alcoholism" together with his known medical problems, i.e. respiratory and gouty arthritis which prevents him from working two to three days at a time and the availability of jobs in the locale for such an individual. Parties are herewith given 10 days from the date of this service to file with the Clerk of the Court any objections, with support brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. Sec. 636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(3), and Local Rule 32(d).

DATED this 22nd day of November, 1994.

Richard P. Cornish

RICHARD P. CORNISH
UNITED STATES MAGISTRATE JUDGE